AARON SPOLIN (State Bar No. 310379)
JEREMY CUTCHER (State Bar No. 301097)
ClientMail@SpolinLaw.com
SPOLIN & DUKES P.C.
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064
(310) 424-5816
(310) 312-4551

Attorneys for Petitioner

# IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN ADRIAN CORTES, JR., <br><br> Petitioner, <br><br> vs. <br><br> STEPHEN SMITH, as Acting Warden, Pelican Bay State Prison, <br><br> Respondent. | Case No.: <br><br> **Motion for a Stay Pending Exhaustion of State Court Remedies** |

PLEASE TAKE NOTICE that Petitioner, Ruben Adrian Cortes, Jr., hereby moves this Honorable Court to hold his federal petition in abeyance while he exhausts remaining available remedies in state court. Petitioner brings this motion pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) ("*Kelly*"), or, in the alternative, *Rhines v. Weber*, 544 U.S. 269 (2005) ("*Rhines*").

1 As more fully set forth in the following Memorandum of Points and Authorities, this Motion is made on the grounds that a stay is necessary to protect Petitioner's claims from being federally barred. Petitioner's motion will be based on this Notice of Motion, this Petition, the records and file herein, the state court record, and the attached Memorandum of Points and Authorities.

Dated: November 28, 2023                    Respectfully submitted,

                                                          SPOLIN & DUKES P.C.

                                                          By:   /s/ Jeremy Cutcher
                                                          Jeremy Cutcher
                                                          Attorney for the Petitioner

## MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner, by and through counsel, comes now requesting that this Honorable Court grant a *Kelly* stay or, in the alternative, a *Rhines* stay while he exhausts remaining available remedies in state court.

Said stay is being requested to ensure Petitioner does not forfeit his ability to seek federal review with respect to Ground Three in his Verified Petition for Writ of Habeas Corpus while he exhausts state remedies on Ground Three. To be clear, Petitioner seeks to have Ground Three dismissed from the Petition, without prejudice, while he exhausts his remedies with respect thereto in State Court.

Petitioner respectfully submits that Ground Three, once exhausted, will be timely when he seeks leave from this Honorable Court to amend the Petition to add this claim. Pursuant to 28 U.S.C. § 2254(d), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(d)(1). The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

On September 18, 2020, Petitioner was sentenced to a total determinate term of 52 years, 8 months, plus an indeterminate term of 85 years to life, and life without the possibility of parole. (5 RT 1119). The Court also ordered Petitioner to pay various restitution fees. (5 RT 1120).

Petitioner pursued a timely direct appeal in the Fourth Appellate District, Division Two. (Case No. E076206.) By order dated October 19, 2022, the Appellate Court affirmed the trial court's judgment in full. On December 28, 2022, the California Supreme Court denied Petitioner's petition for review.

Petitioner filed a Petition for a Writ of Habeas Corpus in the Superior Court, County of Riverside, containing Ground Three on June 12, 2023. On June 29, 2023, the Superior Court denied the petition. Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, Fourth Appellate District, Division Two, on September 18, 2023, which was denied on October 16, 2023.

Therefore, Petitioner's judgment of sentence became final on March 28, 2023, 90 days after the California Supreme Court denied Petitioner's petition for review and

Petitioner refrained from filing a petition for writ of *certiorari* in the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999); U.S.Sup.Ct. Rule 13.1.

76 days elapsed between Petitioner's judgment of sentence becoming final and his timely filing a state writ of habeas corpus in the Riverside County Superior Court on June 12, 2023. Petitioner's matter has remained statutorily tolled since June 12, 2023, and only 76 days of his allotted 365 days under the AEDPA have elapsed. 28 U.S.C. § 2244(d)(2). Thus, unexhausted Ground Three will be timely when Petitioner seeks to amend it back into his petition.

Even if Ground Three were not timely, Petitioner would be entitled to amendment because it is "tied to a common core of operative facts." *Mayle v. Felix,* 545 U.S. 644, 655 (2005). Pursuant to *Kelly*, a petitioner may amend a mixed petition to delete any unexhausted claims. Then, the court will stay and hold in abeyance the amended petition, which is now completely exhausted, while the petitioner exhausts any deleted claims in state court. Once those claims are exhausted, the petitioner may seek to amend his stayed federal petition to reincorporate the now fully exhausted claims that were deleted before. *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Ground One asserts that Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments where a law enforcement witness testified that Petitioner was on probation. Ground Two asserts that Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments where the prosecutor committed misconduct by denigrating defense counsel.

Ground Three asserts that Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments due to trial counsel's ineffectiveness.

What qualifies as a related claim was illustrated by the United States Supreme Court's discussion in *Mayle* of its prior decision in *Tiller v. Atlantic Coast Line Railroad*, 323 U.S. 574, 580-581 (1945). *Tiller* involved a railroad worker who was hit and killed by a train. His widow sued to recover for his wrongful death pursuant to the *Federal Employers' Liability Act*. Later, she added a claim pursuant to the *Federal Boiler Inspection Act* because the train was not equipped with a rear light. The Court ruled that the amendment related back, and therefore avoided a statute of limitations bar, even though the amendment invoked a legal theory not suggested by the original complaint and relied on facts not originally asserted, because there was only one "episode-in-suit in *Tiller*, a worker's death attributed from the start to the railroad's failure to provide its employee with a reasonably safe place to work." *Mayle*, 545 U.S. at 660, 125 S.Ct. 2562.

Here, too, the three grounds asserted are all "tied to a common core of operative facts" and relate back in time and type to one another, as well as to the Superior Court's failure to provide Petitioner with a fair trial. Grounds One and Two involve intentional misconduct on the part of the prosecution designed to prejudice the jury against Petitioner. Ground Two involves trial counsel's ineffectiveness in failing to object to a portion of that misconduct. Ground Three, as well as Ground Two, involves trial counsel's

ineffectiveness, by failing to file motion to sever the charges such that they would not be tried together which created further prejudice in the eyes of the jury.

In the alternative, Petitioner requests a *Rhines* stay. A district court may properly stay a habeas petition and hold it in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). Under *Rhines*, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. *Rhines*, 544 U.S. at 277. Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" *King*, 564 F.3d at 1140.

A petitioner qualifies for a stay under *Rhines* so long as (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines*, 544 U.S. at 277-78. In determining what constitutes good cause sufficient for a *Rhines* stay, the Ninth Circuit Court of Appeals has determined that a petitioner does not have to demonstrate extraordinary circumstances in order to justify a *Rhines* stay. *Jackson v. Roe*, 425 F.3d 654, 661-662 (9th Cir. 2005).

Petitioner respectfully submits that he has established good cause for failing to exhaust Ground Three in state court since Petitioner did not retain undersigned counsel until January 2021. Undersigned counsel was required to investigate Petitioner's case and review the entirety of the record before levying the claims contained in Ground Three.

Petitioner was not aware of the particulars of these claims until he was informed of these claims by undersigned counsel. Petitioner is an individual who lacks legal training and knowledge and could not be expected to have been aware that he possessed meritorious factual and legal claims.

Moreover, for the reasons contained in his Petition, his claims have merit. Finally, there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Petitioner timely files his instant Petition for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 within the one-year deadline allotted pursuant to 28 U.S.C. § 2244(d)(1)(A), and within that timeframe has also formulated his state writ claims and is prepared to file and prosecute those claims post-haste. Petitioner has diligently pursued his appellate and post-conviction rights.

For the reasons set forth above, it is respectfully submitted that this Honorable Court should grant the requested stay.

Dated: November 28, 2023                Respectfully submitted,

                                        SPOLIN & DUKES P.C.


                                        By:   /s/ Jeremy Cutcher
                                        Jeremy Cutcher
                                        Attorney for the Petitioner

## CERTIFICATE OF SERVICE

I certify that on November 28, 2023, I filed the document listed below with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system, and also served counsel of record via this Court's CM/ECF system.

### Motion for a Stay

I declare under penalty of perjury that the foregoing is true and correct, and this declaration was executed at Los Angeles, California, on November 28, 2023.

/s/ Jeremy Cutcher
Jeremy Cutcher