UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:23-cv-09999-WLH-SSC                              Date: December 4, 2023

Title     Ruben Adrian Cortes, Jr. v. Stephen Smith, Acting Warden, Pelican Bay State Prison

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order Granting Petitioner's Motion for Stay (ECF 3)**

On November 28, 2023, Petitioner Ruben Adrian Cortes, Jr., a California state prisoner proceeding with counsel, filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. (ECF 1.) Concurrently, Petitioner filed a motion to stay these proceedings pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) or, in the alternative, *Rhines v. Weber*, 544 U.S. 269 (2005), so that he can exhaust his unexhausted ground three in state court. (ECF 3.) For the reasons set forth below, the Court grants Petitioner's requested stay and orders that this matter be stayed pursuant to *Rhines* pending petitioner's exhaustion of state court remedies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-09999-WLH-SSC         Date: December 4, 2023

Title   Ruben Adrian Cortes, Jr. v. Stephen Smith, Acting Warden, Pelican Bay State Prison

**DISCUSSION**

### I.  The *Rhines* Standard

To obtain a *Rhines* stay, a petitioner must show three factors: (1) "good cause" for the failure to exhaust the claim at issue; (2) that the unexhausted claim is "potentially meritorious"; and (3) that the petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277–78.

The Supreme Court has not thoroughly explained what constitutes "good cause" for a petitioner's failure to exhaust.  *See Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014).  However, the Ninth Circuit has reasoned that a petitioner only needs to "set forth a reasonable excuse, supported by sufficient evidence, to justify [the] failure" to exhaust.  *Id.* at 982.  A petitioner does not need to show that "extraordinary circumstances" prohibited him from exhausting his claims.  *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005).

As for the "potentially meritorious" factor, "[a] federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*."  *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) (quoting *Rhines*, 544 U.S. at 277).  "In determining whether a claim is 'plainly meritless,' [the court must decide if] 'it is perfectly clear that the petitioner has no hope of prevailing.'"  *Id.* (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09999-WLH-SSC | Date: | December 4, 2023 |
| Title | Ruben Adrian Cortes, Jr. v. Stephen Smith, Acting Warden, Pelican Bay State Prison | | |

### II.   Petitioner Satisfies the Three *Rhines* Factors

First, the Court finds good cause for Petitioner's failure to exhaust ground three at this stage in his state court proceedings, where he has completed his direct appeal and now is seeking habeas relief in the state courts.  (ECF 3 at 4.)  Petitioner's unexhausted ground three raises ineffective assistance of trial counsel arguments.  (ECF 1-1 at 28–36.)  In California, claims of ineffective assistance of counsel generally are more appropriately presented in habeas corpus proceedings, beginning first in the superior court.  *People v. Mendoza Tello*, 15 Cal. 4th 264, 266–67 (1997) (except in limited circumstances, if the record does not reveal the reasoning behind counsel's conduct, an ineffective assistance of counsel claim "is more appropriately decided in a habeas corpus proceeding"), *as modified* (June 11, 1997); *People v. Kendrick*, 226 Cal. App. 4th 769, 778 n.4 (2014) (typically a claim of ineffective assistance of trial counsel should be presented in a habeas corpus petition and "should be filed first in the trial court"); *see also Clark v. Montgomery*, No. CV 20-8389-VAP (E), 2021 WL 495878, at *2 (C.D. Cal. Jan. 8, 2021) (citing *Harris v. Superior Court*, 500 F.2d 1124, 1128 n.6 (9th Cir. 1974) ("the preferred forum for the filing of habeas corpus petitions in California is, of course, still the Superior Court . . .")).  Here, rather than attempting to exhaust his ineffective assistance of counsel claim on direct appeal, Petitioner appropriately presented his claim in state habeas proceedings and filed in the superior court in the first instance.  (ECF 3 at 4.)  This procedure was proper and, thus, justifies Petitioner's failure to exhaust ground three at this stage.  *See Jeffries v. Clark*, No. 2:20-cv-2414 JAM KJN P, 2021 WL 1966070, at *3 (E.D. Cal. May 17, 2021) (finding good cause under *Rhines* based, in part, on fact that in California ineffective assistance of counsel claims generally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:23-cv-09999-WLH-SSC | Date: December 4, 2023 |
| Title | Ruben Adrian Cortes, Jr. v. Stephen Smith, Acting Warden, Pelican Bay State Prison | |

should be presented in a state habeas proceeding, which should start in the superior court), *report and recommendation adopted*, No. 2:20-cv-2414 JAM KJN P, 2021 WL 2666135 (E.D. Cal. June 29, 2021).

Second, at this stage, the Court expresses no opinion as to whether Petitioner's unexhausted claim would entitle him to federal habeas relief. However, the Court can conclude that it is not perfectly clear that Petitioner has no hope of prevailing on any of these claims. Thus, because Petitioner's unexhausted claims are not all plainly meritless, Petitioner satisfies *Rhines*'s second factor. *Dixon*, 847 F.3d at 722; *see also Rhines*, 544 U.S. at 270.

Finally, there is no indication that Petitioner has engaged in intentionally dilatory litigation tactics. Rather, it appears that Petitioner has been diligently proceeding through each step of the state court review process. Accordingly, Petitioner satisfies *Rhines*'s third factor.

### ORDER

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's motion for stay (ECF 3) is **GRANTED**. This action is stayed, and the petition is held in abeyance, pending the conclusion of Petitioner's state court habeas proceedings to exhaust ground three.

2. On or before **January 3, 2024,** Petitioner shall file a status report advising the Court of the status of his state habeas proceedings.

3. Petitioner shall then file a status report with the Court every 30 days to advise the Court of the status of his state habeas proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:23-cv-09999-WLH-SSC         Date: December 4, 2023

Title     Ruben Adrian Cortes, Jr. v. Stephen Smith, Acting Warden, Pelican Bay State Prison

If a state habeas petition remains pending, Petitioner may state that fact in his status report(s).

    4. Once Petitioner has presented a habeas petition to the California Supreme Court and that court has ruled on the petition, within 30 days of the California Supreme Court's order, Petitioner shall file in this Court a motion to lift the stay.

**IT IS SO ORDERED.**

                                                      :
Initials of Preparer     **ts**