AARON SPOLIN (State Bar No. 310379)
CAITLIN DUKES (State Bar No. 325032)
ClientMail@SpolinLaw.com
SPOLIN & DUKES P.C.
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064
(310) 424-5816
(310) 312-4551

Attorneys for Petitioner

# IN THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN ADRIAN CORTES, JR., <br><br> Petitioner, <br><br> vs. <br><br> FIDENCIO N. GUZMAN, as Acting Warden, Centinela State Prison, <br><br> Respondent. | Case No.: 2:23-cv-09999-WLH-SSC <br><br> **Motion to Lift Stay, Amend, and Reopen Case** |

PLEASE TAKE NOTICE that Petitioner, Ruben Cortes, hereby moves this Honorable Court to reopen the instant action, lift the *Rhines* stay that was granted on December 4, 2023 (Doc. 5), amend newly exhausted claim three back into Petitioner's Petition for Writ of Habeas Corpus filed on November 28, 2023. (Doc. 1-1), and direct Respondent to file an Answer.

---

MOTION TO REOPEN ACTION, AMEND, AND LIFT STAY
MEMORANDUM OF POINTS AND AUTHORITIES - 1

As more fully set forth in the following Memorandum of Points and Authorities, this Motion is made on the grounds that Petitioner has now exhausted his claims in state court, and they are ripe for adjudication. Petitioner's motion will be based on this Notice of Motion, this Petition, the records and file herein, the state court record, and the attached Memorandum of Points and Authorities.

Dated:	October 3, 2024	Respectfully submitted,

						SPOLIN & DUKES P.C.

					By:	/s/ Aaron Spolin

						Aaron Spolin
						Attorney for the Petitioner

# **MEMORANDUM OF POINTS AND AUTHORITIES**

Petitioner, by and through counsel, comes now requesting that this Honorable Court reopen the instant action, lift the *Rhines* stay that was granted on December 4, 2023 (Doc. 5), amend newly exhausted claim three back into Petitioner's Petition for Writ of Habeas Corpus filed on November 28, 2023. (Doc. 1-1), and direct Respondent to file an Answer.

On September 18, 2020, Petitioner was sentenced to a total determinate term of 52 years, 8 months, plus an indeterminate term of 85 years to life, and life without the possibility of parole. (5 RT 1119).

Petitioner pursued a timely direct appeal in the Fourth Appellate District, Division Two. (Case No. E076206.) By order dated October 19, 2022, the Appellate Court affirmed the trial court's judgment in full. On December 28, 2022, the California Supreme Court denied Petitioner's petition for review.

Petitioner filed a Petition for a Writ of Habeas Corpus in the Superior Court, County of Riverside, containing Ground Three on June 12, 2023. On June 29, 2023, the Superior Court denied the petition. Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, Fourth Appellate District, Division Two, on September 18, 2023, which was denied on October 16, 2023.

On November 28, 2023, Petitioner filed the instant petition, which was stayed on December 4, 2023, pending exhaustion of claim three in state court.

Petitioner respectfully requests that this Honorable Court lift the stay in this matter which was granted so that Petitioner could continue exhausting his state writ claims. Petitioner submits that he has fully exhausted claim three in state court and it is ripe for review.

Moreover, Petitioner respectfully submits that Claim Three is timely and thus does not need to relate back to his previously exhausted claims. Petitioner's judgment of sentence became final on March 28, 2023, 90 days after the California Supreme Court denied Petitioner's petition for review and Petitioner refrained from filing a petition for writ of certiorari in the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999); U.S.Sup.Ct. Rule 13.1. 76 days elapsed between Petitioner's judgment of sentence becoming final and his timely filing a state writ of habeas corpus in the Riverside County Superior Court on June 12, 2023. Petitioner's matter has remained statutorily tolled since June 12, 2023, and only 76 days of his allotted 365 days under the AEDPA have elapsed. 28 U.S.C. § 2244(d)(2). Accordingly, Ground Three is timely on its own right and does not need to relate back to the exhausted claims.

In any event, even if Ground Three were not timely, Petitioner would be entitled to amendment because it is "tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A district court may properly stay a habeas petition and hold it in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).

See *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). Under *Rhines*, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. *Rhines,* 544 U.S. at 277. Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" *King*, 564 F.3d at 1140.

Once the unexhausted claims are exhausted, the petitioner may seek to amend his stayed federal petition to reincorporate the now fully exhausted claims that were deleted before. *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Ground One asserts that Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments where a law enforcement witness testified that Petitioner was on probation. Ground Two asserts that Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments where the prosecutor committed misconduct by denigrating defense counsel. Ground Three asserts that Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments due to trial counsel's ineffectiveness.

What qualifies as a related claim was illustrated by the United States Supreme Court's discussion in *Mayle* of its prior decision in *Tiller v. Atlantic Coast Line Railroad,* 323 U.S. 574, 580-581 (1945). Tiller involved a railroad worker who was

hit and killed by a train. His widow sued to recover for his wrongful death pursuant to the Federal Employers' Liability Act. Later, she added a claim pursuant to the Federal Boiler Inspection Act because the train was not equipped with a rear light. The Court ruled that the amendment related back, and therefore avoided a statute of limitations bar, even though the amendment invoked a legal theory not suggested by the original complaint and relied on facts not originally asserted, because there was only one "episode-in-suit in Tiller, a worker's death attributed from the start to the railroad's failure to provide its employee with a reasonably safe place to work." *Mayle*, 545 U.S. at 660, 125 S.Ct. 2562.

Here, too, the three grounds asserted are all "tied to a common core of operative facts" and relate back in time and type to one another, as well as to the Superior Court's failure to provide Petitioner with a fair trial. Grounds One and Two involve intentional misconduct on the part of the prosecution designed to prejudice the jury against Petitioner. Ground Two involves trial counsel's ineffectiveness in failing to object to a portion of that misconduct. Ground Three, as well as Ground Two, involves trial counsel's ineffectiveness, by failing to file motion to sever the charges such that they would not be tried together which created further prejudice in the eyes of the jury.

For the reasons set forth above, undersigned counsel respectfully requests this Honorable Court to lift the *Rhines* stay and permit Petitioner to file a First Amended Petition for Writ of habeas corpus containing all exhausted grounds.

Dated:   October 3, 2024                         Respectfully submitted,

                                                SPOLIN & DUKES P.C.

                                  By:   /s/ Aaron Spolin
                                        Aaron Spolin
                                        Attorney for the Petitioner

# CERTIFICATE OF SERVICE

I certify that on __October 3__, 2024, I filed the document listed below with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system, and also served counsel of record via this Court's CM/ECF system.

**Motion to Lift Stay, Amend, and Reopen Case**

I declare under penalty of perjury that the foregoing is true and correct, and this declaration was executed at Los Angeles, California, __October 3__, 2024.

/s/ Aaron Spolin

Aaron Spolin